IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOLOMON ABBA, | § | |
|     FCI-ID A 16082457, | § | |
|         Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-05-1913 |
| | § | |
| ALBERTO GONZALES, *et al.*, | § | |
|         Respondents. | § | |

## OPINION ON DISMISSAL

Petitioner Solomon Abba challenges his continued detention by respondent Alberto Gonzales. For the reasons to follow, the Court will dismiss the petition.

Petitioner reports that he is a native and citizen of Eritrea. He entered the United States on October 1, 2001, seeking refugee status. His refugee status was denied on March 27, 2002, when an immigration judge ordered him excluded. He has been detained in federal custody since March 27, 2002. The Eritrean consulate has denied him travel documents and his attempt to seek refuge status in other countries has not been successful. Petitioner indicates that he has no criminal record. (Docket Entry No.1).

Petitioner seeks federal habeas relief on the following grounds:

1. His continued detention contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001);

2. His continued detention violates his right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint;

3. He has been denied procedural due process because he has been denied the opportunity to demonstrate that he should not be detained.

*Id.*

Respondent has filed a motion to dismiss petitioner's habeas action as moot because petitioner has been released from the custody of the Immigration and Customs Enforcement ("ICE") agency. (Docket Entry No.12). As evidence of petitioner's release, respondent has attached a letter from Jeffrey Sayles, Deportation Officer for ICE. (*Id.*). This document indicates that petitioner has been released from ICE custody under an Order of Supervision on August 24, 2005. (*Id.*, attachment).

Because petitioner has been released under an Order of Supervision on August 24, 2005, he has obtained all the relief to which he is entitled. This moots consideration of his habeas petition. *See Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (release moots habeas petition challenging legality of extended detention).

Even if petitioner's habeas action presented a live case or controversy, petitioner's petition would be subject to dismissal. A document mailed to petitioner at the CCA Detention Center has been returned to the Court with a notation that petitioner has been released. Petitioner, however, has not provided the Court with a forwarding address, as required by local rule 83.4. Under that rule, a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. The Court will only send notices to the address on file. Petitioner has clearly failed to provide the Court with an accurate, current address.

The petitioner's failure to pursue this action forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). The petitioner is advised,

however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, respondents' motion to dismiss (Docket Entry No. 12) is GRANTED and this action is DISMISSED without prejudice. All pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on December 21, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE